**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DEBORAH L. STEIN, SBN 224570
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

**ROBINSON & COLE LLP**
STEPHEN E. GOLDMAN
sgoldman@rc.com
WYSTAN M. ACKERMAN
wackerman@rc.com
*Motions for pro hac vice admission pending*
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.826.3579
Fac.: 860.275.8299

Attorneys for Defendant Travelers Indemnity Company of Connecticut

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARK'S ENGINE COMPANY NO. 28 RESTAURANT, LLC, a limited liability company,

Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a corporation; ERIC GARCETTI, an individual; and DOES 1 to 25, inclusive,

Defendants.

**CASE NO. 2:20-cv-04423**

**NOTICE OF REMOVAL BY DEFENDANT TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**

[Removal from the Superior Court of the State of California, Los Angeles County, Case No. 20STCV14627]

**TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Travelers Indemnity Company of Connecticut ("Travelers") hereby removes this action from the Superior Court of the State of California for Los Angeles County, where it is pending as Case No. 20STCV14627, to the United States District Court for the Central District of California.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Travelers and Plaintiff Mark's Engine Company No. 28 Restaurant, LLC ("Plaintiff" or "MARK'S ENGINE"), and the amount in controversy exceeds $75,000, exclusive of interest and costs. The citizenship of Defendant Does 1 to 25 should be disregarded for purposes of evaluating diversity. 28 U.S.C. 1441(b); *see McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (district court properly disregarded Doe defendants who were not "indispensable parties and served no other purpose than protecting the plaintiff under California pleading practice"). The citizenship of the remaining Defendant, Los Angeles Mayor Eric Garcetti ("Mayor Garcetti"), should also be disregarded because he is not properly joined in this lawsuit. Rather, Mayor Garcetti was apparently joined in an attempt to destroy diversity among the parties; this fraudulent joinder, however, is ineffective and should not be considered in the evaluation of this Court's jurisdiction. Grounds for removal are set forth in more detail below.

# I. BACKGROUND

## A. This Action

1. Plaintiff commenced this action on April 15, 2020, in the Superior Court of the State of California for Los Angeles County, which is within the district and division to which this case is removed. As required under 28 U.S.C. § 1446(a), a copy

of all process, pleadings, and orders served upon Travelers in the underlying state court action is attached concurrently herewith.

2. In this declaratory judgment action, Plaintiff alleges that an insurance policy bearing policy number 680-3G659131 (the "Policy") insures losses of "business income" "caused by" Mayor Garcetti's Executive Order ("Order") relating to the "Coronavirus" and the "global COVID-19 pandemic." Compl. ¶¶ 2, 6-22. According to the Complaint, the Order "direct[ed] all 'non-essential' businesses to be closed in Los Angeles." *Id.* ¶ 18.[1] The Policy was issued to Plaintiff by Travelers Property Casualty Company of America, not the erroneously sued Travelers Indemnity Company of Connecticut.

3. Pursuant to California Code of Civil Procedure §§ 1060 *et seq.*, the Complaint seeks a declaratory judgment as to what Plaintiff presents as four insurance coverage issues: (1) that the Order "constitutes a prohibition of access to Plaintiff's Insured Premises"; (2) that the "prohibition of access by the Order is specifically prohibited access as defined in the Policy"; (3) that the Order "triggers coverage because the Policy does not include an exclusion for a viral pandemic and actually extends coverage for loss or damage due to physical loss and damage"; and (4) that "the Policy provides coverage to Plaintiff for any current and future civil authority closures of restaurants in California due to physical loss or damage from the Coronavirus under the Civil Authority coverage parameters and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the insured premises or immediate area of the insured premises." Compl., Prayer for Relief at 11-12. The Complaint also seeks general, punitive, and treble damages, interest, fees, and costs, related to its allegations of breach of implied covenant and good faith dealing, and per se violation of California Insurance Code § 790.03. *Id.*;

---

[1] Plaintiff admits, however, that restaurant delivery and takeout services are exempt from the Order. Compl. ¶ 19.

Compl. ¶¶ 30-38 (breach of implied covenant); *id.* ¶¶ 39-48 (California Insurance Code violation).

4. The Complaint identifies Travelers as the party with which MARK'S ENGINE has a contract of insurance and from which MARK'S ENGINE seeks insurance coverage. It also names Mayor Garcetti as a defendant, though he is not a party to the insurance contract at issue nor does he have any rights or obligations under that contract. And MARK'S ENGINE does not seek any relief from or related to Mayor Garcetti in this insurance coverage dispute. The few allegations that mention him simply set forth purported background information relevant to MARK'S ENGINE's dispute with Travelers. At most, Mayor Garcetti is a third-party witness to an incident (the issuance of the Order) ancillary to the dispute at issue. No claim is or can be stated against Mayor Garcetti in this dispute between MARK'S ENGINE and Travelers. Therefore, this Court should disregard the citizenship of Mayor Garcetti, who was fraudulently joined in this lawsuit in an apparent attempt to defeat diversity, and assert its subject matter jurisdiction over this action.

5. Travelers was served with the Summons and Complaint no earlier than April 22, 2020. This Notice is timely filed under 28 U.S.C. § 1446(b).

6. Because Mayor Garcetti was fraudulently joined, his consent is not required for this removal. 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been *properly joined* and served must join in or consent to the removal of the action." (emphasis added)); *see also United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he 'rule of unanimity' does not apply to . . . 'fraudulently joined parties.'" (citation omitted)).

7. Upon filing the Notice of Removal, Travelers will furnish written notice to MARK'S ENGINE's counsel, and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

8. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between MARK'S ENGINE and Travelers. The amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There Is Complete Diversity of Citizenship Between Plaintiff and Travelers

9. Plaintiff MARK'S ENGINE is a citizen of California for purposes of diversity jurisdiction. As a limited liability company (Compl. ¶ 1), MARK'S ENGINE is considered a citizen of every state in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). According to MARK'S ENGINE's publicly available filings with the State of California and on information and belief, MARK'S ENGINE's owners or members are Mark J. Geragos and/or Benjamin Meiselas. On information and belief, Mark J. Geragos is a citizen of and domiciled in California. On information and belief, Benjamin Meiselas is a citizen of and domiciled in California.

10. Travelers is a citizen of Connecticut because it is incorporated in Connecticut and its principal place of business is in Hartford, Connecticut. *See* Compl. ¶ 2.[2]

11. The Complaint names Mayor Garcetti as a defendant in his official capacity and alleges that he is a citizen of California. Compl. ¶ 3. Mayor Garcetti is fraudulently joined and should be disregarded for purposes of determining diversity of citizenship.

---

[2] Travelers Property Casualty Company of America, the entity that in fact issued the Policy to Plaintiff, is also a citizen of Connecticut because it is incorporated in Connecticut and its principal place of business is in Hartford, Connecticut.

12. The citizenship of "DOES 1 to 25, inclusive," also named as Defendants in this matter, should be disregarded for purposes of assessing jurisdiction. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Plaintiff has pleaded no facts regarding Does 1 to 25: whether they exist, who they are, where they live, or how they are related to this case. *See McCabe*, 811 F.2d at 1339 (district court properly disregarded "100 Doe defendants" who were not "indispensable parties and served no other purpose than protecting the plaintiff under California pleading practice").

**B. The Amount in Controversy Exceeds $75,000**

13. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." This requirement is met. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), and if contested, a court will determine whether the threshold is met by a preponderance of the evidence, *id.* at 88; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). In declaratory relief actions, "the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Such value is determined by "the pecuniary result to either party which the judgment would directly produce." *Id.* (quotation marks and citation omitted).

14. Here, the Complaint does not include a specific demand for damages. On a full and fair reading of the Complaint, however, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. *First*, MARK'S ENGINE's business revenues put at least $75,000 in controversy.

(a) The Complaint seeks a declaration that Travelers' insurance coverage extends to business income lost by MARK'S ENGINE, which is described as a "Traditional American restaurant" that is "open all three hundred and sixty-five days of the year." Compl. ¶¶ 1, 7-8. Plaintiff alleges that the Order "has caused a complete and total shutdown of Plaintiff's business operations" (*id.* ¶¶ 19-20) and requests a declaration of coverage under both the Policy's Business Income coverage and its Civil Authority coverage for losses stemming from any current *and future* civil authority closures of California's commercial restaurants "due to . . . the Coronavirus" (*id.* ¶ 28).

(b) The Complaint further alleges that its business losses arise from Los Angeles's stay-at-home order issued March 15, 2020. That order has been extended until at least May 15, 2020, meaning that it will be in effect for at least *two months*. *See* https://covid19.lacounty.gov/wp-content/uploads/HOO_Safer-at-Home-Order-for-Control-of-COVID_04102020.pdf. Los Angeles County officials have announced that the stay-at-home order will likely be extended for at least three additional months.

(c) Based on information provided by MARK'S ENGINE to Travelers Property Casualty Company of America in connection with the Policy's issuance and/or renewal, the amount in controversy plainly exceeds $75,000. Travelers will make this information available if requested by the Court or otherwise necessary.

16. *Second*, the Complaint does not seek a declaration of coverage for only the two-month duration of the current stay-at-home order, but also for coverage arising from any and all "future" business closures due to COVID-19. Compl. ¶ 28. Because it is reasonable to assume that stay-at-home orders will extend beyond May 15, and the policy at issue includes 12 consecutive months of business-losses coverage, the Complaint puts "at stake" significant future business-interruption losses beyond May 15. *See Chavez*, 888 F.3d at 417 (where plaintiff alleges "future [losses]," it is

appropriate to include all potential future losses in the amount in controversy); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (defendant may make "reasonable assumptions" in demonstrating amount in controversy (quotation marks and citation omitted)).

17. *Third*, the Complaint also brings claims of bad faith and violation of California Insurance Code section 790.03 against Travelers for its allegedly malicious, fraudulent, and oppressive withholding of payments to MARK'S ENGINE under the Policy. Compl. ¶¶ 30-48. The Complaint alleges that as a result of Travelers's purported wrongful conduct, MARK'S ENGINE has suffered "severe and serious injury including, but not limited to emotional distress, anxiety, frustration, humiliation, and indignity" (*id.* ¶ 38), as well as "appreciable damages in the form of not only a coverage denial by [Travelers], but also with incurring costs and fees in retaining counsel to pursue its rights" (*id.* ¶ 46). Thus, MARK'S ENGINE seeks "General Damages," "Punitive Damages," and "attorneys fees" against Travelers. *Id.*, Prayer for Relief at 11-12. MARK'S ENGINE does not allege specific amounts for any such damages or fees, but each may be considered in determining the amount in controversy, which is clearly satisfied here.

(a) General tort damages are available under a claim of bad faith, *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1009 (9th Cir. 2004), and those damages may be included in calculating the jurisdictional amount, *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-77 (9th Cir. 1997).

(b) To the extent MARK'S ENGINE's tort damages include lost business income and additional expenses (Compl. ¶ 46 (alleging damages "in the form of a coverage denial" and "costs and fees in retaining counsel to pursue its rights"); *see Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 580 (1973) (recognizing "loss of earnings," "go[ing] out of business," "[inability] to pay . . . business creditors," and "costs of defending lawsuits" by creditors as

components of bad faith damages)), MARK'S ENGINE's economic losses put approximately $183,334 in controversy as calculated above, plus attorneys' fees (*see infra*).

(c) To the extent MARK'S ENGINE's tort damages include emotional distress (Compl. ¶ 38 (alleging "emotional distress, anxiety, frustration, humiliation and indignity"); *see Gruenberg*, 9 Cal. 3d at 579 (approving recovery for "mental suffering" in bad faith claim)), jury verdicts in other cases may be used to establish the amount. *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250-51 (C.D. Cal. 2012) (finding emotional distress damages more likely than not to "be substantial" and "exceed the minimum $75,000 threshold"). Here, if MARK'S ENGINE were to prove its claim of bad faith against Travelers, a jury may award emotional distress damages well in excess of $75,000. *See, e.g.*, *Berg v. Liberty Mut. Ins. Co.*, 20 Trials Digest 22d 3, 2019 WL 2091411 (Cal. Super. Ct. Mar. 11, 2019) (jury awarded $75,000 in noneconomic damages (and $25,000 in economic damages) for insurance bad faith case in which insurer denied coverage for mold damage to residential property, due to an alleged water-damage exclusion); *Federici v. IDS Prop. Cas. Ins. Co.*, No. B262009, 2016 WL 5404719, at *8 (Cal. Ct. App. Sept. 28, 2016), *as modified on denial of reh'g* (Oct. 21, 2016) (affirming jury's noneconomic damages award of $300,000, for insurer's bad faith delay in payment in case involving insured losing teeth due to automobile accident).

18. *Fourth*, punitive damages arising from a claim of insurance bad faith are recoverable under California law upon an adequate evidentiary showing and may be included in calculating the jurisdictional amount. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see* Cal. Civ. Code § 3294(a) (allowing punitive damages for "breach of an obligation not arising from contract"). "To establish probable punitive damages, [a] defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal.

2002). Based on jury verdicts awarded in similar cases involving claims of insurance bad faith, a jury may award MARK'S ENGINE punitive damages well in excess of $75,000. *See, e.g., Palm Springs Pump vs. Peerless Ins. Co.*, 18 Trials Digest 16th 8, 2013 WL 1898801 (Cal. Super. Ct. Apr. 12, 2013) (jury awarded $3,500,000 in punitive damages (and $1,376,498 in lost profits) for insurance bad faith case in which insurer unreasonably delayed and mishandled claim for accidental damage to a drill rig, delaying payment for over six months for insured's loss of use and lost profits); *McCoy vs. Progressive W. Ins. Co.*, 31 Trials Digest 10th 4, 2007 WL 2068578 (Cal. Super. Ct. Mar. 29, 2007) (jury awarded $100,000 in punitive damages (and $17,175 in damages for breach of contract and $63,000 in damages for breach of implied covenant of good faith and fair dealing) for insurance bad faith case in which insurer repeatedly failed to allow or deny claim regarding insured's stolen car, until insured retained an attorney).

19. *Fifth*, attorney's fees may also be included in calculating the jurisdictional amount in bad faith insurance claims. *Brandt v. Superior Court*, 37 Cal. 3d 813, 816-19 (1985). In other bad faith cases litigated in California, fee awards have ranged from upwards of $160,000 to $750,000. *See Palm Springs Pump*, 2013 WL 1898801 (awarding $160,000 in attorney's fees); *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1218 (2009) (as modified) (affirming award of $189,000 in attorney's fees); *Hangarter*, 373 F.3d at 1005, 1022 (affirming award of $750,000 in attorney's fees).

20. In sum, allegations that MARK'S ENGINE's business has been completely shut down "due to . . . the Coronavirus" and that Travelers has acted in bad faith thus compel the conclusion that the object of the declaratory relief sought plausibly exceeds $75,000. While Travelers does not concede that MARK'S ENGINE is entitled to any relief, a fair reading of the Complaint describes an amount in controversy exceeding the jurisdictional minimum.

## III. MAYOR GARCETTI IS FRAUDULENTLY JOINED

21. The Complaint expressly alleges that the controversy at issue in this action is solely between MARK'S ENGINE and Travelers—Mayor Garcetti is not involved in this contractual dispute over the respective rights and obligations of two parties to an insurance policy. *See* Compl. ¶ 24 ("An actual controversy has arisen between *Plaintiff* and *Travelers* as to the rights, duties, responsibilities and obligations of the parties" (emphasis added)). Because MARK'S ENGINE has not and cannot establish a cause of action against Mayor Garcetti relevant to this controversy, his joinder is fraudulent, diversity jurisdiction exists over this action, and this action is properly removed.

22. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339. Fraudulent joinder is established when "'a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory."' *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

23. Fraudulent joinder can be established when, as here, claims against a resident defendant are predicated on a contract to which the resident defendant is not a party. *See United Computer Sys.*, 298 F.3d at 761.

### A. Plaintiff Does Not and Cannot State a Claim for Declaratory Relief Against Mayor Garcetti

24. MARK'S ENGINE brings its claim for declaratory relief pursuant to California Code of Civil Procedure § 1060. Compl. ¶ 24.[3] To state a claim for

---

[3] Sitting in diversity and assessing fraudulent joinder, this Court should consider the underlying claim "under California law." *McCabe*, 811 F.2d at 1339. Looking to the declaratory judgment claim at issue, "[f]ederal courts 'have consistently applied California Code of Civil Procedure § 1060 rather than the federal Declaratory Judgment Act when sitting in diversity.'" *D. Cummins Corp. v. U.S. Fid. & Guar. Co.*, No. 14-CV-935-SC, 2014 WL 2211979, at *2 n.2 (N.D. Cal. May 28, 2014)

declaratory relief, a plaintiff must "set[] forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument . . . and request[] that the rights and duties of the parties be adjudged by the court." *Benjamin v. Wells Fargo Bank, N.A.*, No. 11-cv-6583-VBF, 2011 WL 13220918, at *2 (C.D. Cal. Oct. 17, 2011) (quoting *Wellenkamp v. Bank of Am.*, 21 Cal. 3d 943, 947 (1978)). "The main requirement for declaratory relief is a present and actual controversy between the parties." *Id.* (citing *City of Cotati v. Cashman*, 29 Cal. 4th 69, 80 (2002)).

25. Where, as here, a "[p]laintiff has failed to state any claims, [and] there is no actual and present controversy," the declaratory relief claim must be dismissed. *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1038 (N.D. Cal. 2010). When a defendant is uninvolved in a "present and actual controversy," then that defendant is fraudulently joined. *See Daniels v. Am.'s Wholesale Lender*, No. 11-cv-1287 PA, 2011 WL 13225097, at *1 n.1 (C.D. Cal. Oct. 24, 2011) (complaint challenging default failed to state a claim against financial institutions other than the institution which executed the notice of default).

26. The only "actual controversy" alleged in the Complaint "has arisen between *Plaintiff* and *Travelers* as to the rights, duties, responsibilities and obligations of the parties." Compl. ¶ 24 (emphasis added). Plaintiff describes the controversy as involving four issues of contract interpretation specific to the insurance policy issued to Plaintiff: whether (1) the Order prohibits access to the "Insured Premises" as described in the insurance policy; (2) the Order is a "prohibition of access" as described in the insurance policy; (3) the Order "triggers" insurance coverage because the policy's virus exclusion does not apply and a virus causes physical loss or damage to the "Insured Premises"; and (4) the Policy provides coverage for any current or future civil authority closures "due to physical loss or damage from the Coronavirus"

---

(quoting *Schwartz v. U.S. Bank, Nat'l Ass'n*, No. 11-cv-8754 MMM, 2012 WL 10423214, at *15 (C.D. Cal. Aug. 3, 2012)).

and provides business income coverage "in the event that Coronavirus has caused a loss or damage" at Plaintiff's premises or in the immediate area. *Id.* The Complaint neither generally nor specifically alleges any controversy or dispute between Plaintiff and Mayor Garcetti. Moreover, Mayor Garcetti could hardly play a role in the punitive damages, interest, costs, or fees sought "against Travelers." *See* Compl., Prayer for Relief at 11-12. Thus, "[o]n the basis of the complaint alone," there is no claim for declaratory judgment against Mayor Garcetti under California law because MARK'S ENGINE did not even attempt to allege a controversy against him. *McCabe*, 811 F.2d at 1339.

27. The factual allegations in the Complaint outline a dispute over MARK'S ENGINE's entitlement to insurance coverage under various provisions of its insurance contract with Travelers Property Casualty Company of America. Plaintiff's Complaint identifies the Policy, alleges MARK'S ENGINE's performance under the Policy, and purports to summarize the Policy's terms. Compl. ¶¶ 6-14. Plaintiff then provides the factual premise for its insurance coverage claim, describing the "global COVID-19 pandemic" and the City and State orders that purportedly limited access to the Insured Premises and caused Plaintiff's business to suffer. *Id.* ¶¶ 15-20. The Complaint does not describe any dispute with Mayor Garcetti or challenge his Order (which Plaintiff embraces as a basis for its claims against Travelers) and, in fact, tacitly acknowledges that MARK'S ENGINE's takeout and delivery services are exempt from Mayor Garcetti's Order as an "essential business." *Id.* ¶ 19.

28. Additionally, MARK'S ENGINE does not seek any relief vis-à-vis Mayor Garcetti. As previously described, none of the declarations or other relief sought relates in any way to Mayor Garcetti. *See supra* ¶ 4.

29. MARK'S ENGINE also has failed to demonstrate that it has standing to sue Mayor Garcetti. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989) (holding that nondiverse defendants were fraudulently joined where

plaintiffs were not parties to agreements with those defendants, failed to allege injury by those defendants, and had no standing to sue them).

30. In short, the references to Mayor Garcetti and the Order simply provide context for the insurance coverage dispute between Plaintiff and Travelers. Because MARK'S ENGINE "failed to state any cause of action against [Mayor Garcetti]; [his] joinder to [Travelers] as defendant[] was [a] sham; [his] presence did not destroy diversity." *McCabe*, 811 F.2d at 1339.

**B. MARK'S ENGINE Cannot Defeat Removal by Amending Its Complaint to Add New Claims Against Mayor Garcetti**

31. "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal[.]" *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Thus, when evaluating fraudulent joinder, courts do not consider possible claims or causes of action that were not alleged against the sham defendant in the removed complaint. *See Kruso*, 872 F.2d at 1426 n.12 (the court "confine[d] [its] review to the facts alleged in the original complaint" and refused to consider allegations in a "Proposed First Amended Complaint" which attempted to state claims against the sham defendants); *see also Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, No. 17-cv-0637 BRO, 2017 WL 1033970, at *5 n.6 (C.D. Cal. Mar. 17, 2017) ("The Court declines to consider causes of action that were not pleaded in the operative complaint to determine whether Baker is a sham defendant."); *Goens v. Adams & Assocs.*, No. 2:16-cv-0960 TLN, 2017 WL 3167809, at *4 (E.D. Cal. July 26, 2017) ("The court, however, should only consider facts alleged in the operative complaint, rather than causes of action or facts which could be included in an amended complaint."); *Altman v. HO Sports Co.*, No. 1:09-cv-1000 AWI, 2009 WL 2590425, at *3 (E.D. Cal. Aug. 20, 2009) ("[T]he propriety of removal is determined by the complaint as it existed at the time of removal.").

32. At the time of removal, MARK'S ENGINE makes no claim against Mayor Garcetti and thereby establishes no controversy against him. An attempt by

MARK'S ENGINE to create new claims against Mayor Garcetti, which is impossible given the limited scope of the contract controversy at issue, would be irrelevant to this removal analysis. *See Kruso*, 872 F.2d at 1426 n.12.

33. Because MARK'S ENGINE's complaint does not articulate a cause of action against Mayor Garcetti, and because the requested declaratory judgment is predicated on an insurance contract to which Mayor Garcetti is not party, Mayor Garcetti's joinder is fraudulent and does not defeat diversity.

**IV. VENUE**

34. The United States District Court for Central District of California, Western Division is the federal judicial district in which the Los Angeles County Superior Court sits. This action was originally filed in the Los Angeles County Superior Court, rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

**V. CONCLUSION**

35. For the foregoing reasons, Travelers respectfully states that this action, previously pending in the Superior Court of the State of California for the County of Los Angeles, is properly removed to this Court, and Travelers respectfully requests that this Court proceed as if this case had been originally filed in this Court.

Dated: May 15, 2020

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Richard J. Doren*

Richard J. Doren, SBN 124666
rdoren@gibsondunn.com
Theodore J. Boutrous Jr., SBN 132099
tboutrous@gibsondunn.com
Deborah L. Stein, SBN 224570
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

*Attorneys for Defendant Travelers Indemnity Company of Connecticut*

Of Counsel:

ROBINSON & COLE LLP
Stephen E. Goldman (*pro hac vice* pending)
sgoldman@rc.com
Wystan M. Ackerman (*pro hac vice* pending)
wackerman@rc.com
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299