UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-04423-AB-SK | Date: | July 27, 2020 |
|---|---|---|---|

| Title: | *Mark's Engine Co. No. 28 Rest., LLC v. Traveler's Indem. Co. of Conn., et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>DENYING</u> PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 22]

Before the Court is Plaintiff Mark's Engine Company No. 28 Restaurant, LLC's ("Plaintiff") motion for remand. (Dkt. No. 22.) Defendant Travelers Property Casualty Company of America ("Defendant") opposes Plaintiff's motion. (Dkt. No. 26.) The Court found this matter suitable for decision without oral argument and took Plaintiff's motion under submission. (Dkt. No. 32.) For the reasons stated below, the Court **<u>DENIES</u>** Plaintiff's motion for remand.

**I.    BACKGROUND**

On April 15, 2020, Plaintiff filed its complaint against Traveler's Indemnity Company of Connecticut[1] ("Travelers"), Mayor Eric Garcetti ("Mayor Garcetti"), and Does 1–25 in the Superior Court of the State of California, County of Los Angeles. (Dkt. No. 1-2.)

---

[1] Defendant contends that it was erroneously sued as The Travelers Indemnity Company of Connecticut. (Dkt. No. 26 at 1.)

On May 15, 2020, Travelers removed Plaintiff's suit to this Court. (Dkt. No. 1.) In its notice of removal, Travelers argued that removal was proper because the only non-diverse defendant, Mayor Garcetti, was fraudulently joined, and the amount in controversy exceeds $75,000. (*Id.* at 4–14.) Plaintiff's initial complaint alleged three causes of action: (1) a claim for declaratory relief against all defendants, (2) a claim for breach of implied covenant of good faith and fair dealing against Travelers and Does 1–25, and (3) a claim for *per s*e violation of California Insurance Code Section 790.03 against Travelers and Does 1–25. (Dkt. No. 1-1 at ¶¶ 23–48.)

On May 29, 2020, after Defendant filed a motion to dismiss Plaintiff's initial complaint, Plaintiff filed a First Amended Complaint ("FAC") and the instant motion for remand. (Dkt. Nos. 13, 14, 21, 22.) Plaintiff's FAC alleges the following causes of action: (1) a claim for declaratory relief against all defendants, (2) a claim for breach of contract against Travelers and Does 1–25, (3) a claim for breach of the implied covenant of good faith and fair dealing against Travelers and Does 1–25, and (4) a claim for violation of California's Business & Professions Code § 17200 against Travelers and Does 1–25. (Dkt. No. 21 at ¶¶ 23–55.)

Plaintiff moves to remand this action on the ground that Mayor Garcetti was not fraudulently joined, thus eliminating complete diversity of citizenship among the parties. (Dkt. No. 22 at 1–3.) Plaintiff also moves to remand on the ground that this case raises unsettled questions of state law from which the Court should abstain under the Declaratory Judgment Act. (*Id.* at 3–9.) Finally, Plaintiff argues that this Court should remand based on the *Colorado River* and *Younger* abstention doctrines. (*Id.* at 9–13.)

## II.   LEGAL STANDARDS

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) ("Section 1441") provides that a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1332 ("Section 1332") provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S.

61, 68 (1996). Section 1441(b)(2) further limits removal based on diversity jurisdiction to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citing Moore's Federal Practice (1986) ¶ 0.161[2]). In practice, the burden of proving fraudulent joinder is a heavy one, *Gaus*, 980 F.2d at 566, as the defendant must prove fraudulent joinder by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998)).

Despite this high bar, the Ninth Circuit has upheld rulings of fraudulent joinder "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Grancare,* 889 F.3d at 548. Examples of such

"extraordinarily strong evidence or arguments" include instances where "plaintiff's claims against [an] alleged sham defendant were all predicated on a contract to which the defendant was not a party." *Id.* (citing *United Comput. Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002))*; see also Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989) ("Defendants are correct that plaintiffs cannot prevail on any claims they seek to bring against the defendants . . . because plaintiffs were not parties to the alleged agreements.").

### C. The Declaratory Judgment Act

The Declaratory Judgment Act ("DJA") provides, in relevant part, that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The DJA "does not confer jurisdiction, and therefore also does not afford the opportunity to decline it." *Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011). Rather, "federal courts have discretion under the DJA only as to whether to award declaratory relief pursuant to the jurisdiction that they must properly derive from the underlying controversy between the litigants." *Id.*

"There is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). Moreover, when an action for declaratory relief is joined with other claims, "(e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Id.* (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). Indeed, the Ninth Circuit has recognized that "[r]emanding only the declaratory component of such an action will frequently produce piecemeal litigation . . . a result which the [DJA] was intended to avoid[.]" *See Snodgrass v. Provident Life and Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998) (citation omitted).

### D. *Colorado River* and *Younger* Abstention Doctrines

#### a. *Colorado River* Abstention Doctrine

"*Colorado River* and its progeny provide a multi-pronged test for determining whether 'exceptional circumstances' exist warranting federal abstention from concurrent federal and state proceedings." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017). The Court evaluates eight factors to determine the appropriateness of a stay or dismissal under *Colorado River*, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 842 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). The factors are as follows:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 841–42 (quoting *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011)).

In applying these factors, the Court must be mindful that "federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them, including in cases involving parallel state litigation." *Id.* (internal quotation marks omitted). "Abdication of the obligation to decide cases can be justified under [*Colorado River*] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)) (alteration added).

#### a. *Younger* Abstention Doctrine

Abstention pursuant to *Younger* is grounded in a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). The Ninth Circuit has held that a federal court "may

abstain under *Younger* in three categories of cases: "(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043–44 (9th Cir. 2019) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). If an action falls into one of these three categories, it "must also satisfy a three-part inquiry: the state proceeding must be (1) 'ongoing,' (2) 'implicate important state interests,' and (3) provide 'an adequate opportunity . . . to raise constitutional challenges.'" *Id.* at 1044 (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "If the state proceeding falls into one of the . . . categories and meets the three . . . factors, a federal court may abstain under *Younger* so long as the federal action would have the practical effect of enjoining the state proceedings." *Id.* (internal quotation marks omitted).

### III. DISCUSSION

#### A. Defendant has met its burden of demonstrating that Mayor Garcetti was fraudulently joined

The Court concludes that Defendant has met its burden to show that Mayor Garcetti was fraudulently joined.

Plaintiff contends that the insurance policy in dispute provides coverage for "'Business Income and Extra Expense Coverage' in the event of business closures by order of Civil Authority." (Dkt. No. 22 at 2.) In light of the COVID-19 pandemic, Mayor Garcetti issued an Executive Order on March 15, 2020 that directed all non-essential business in Los Angeles to close. (*Id.*) Plaintiff argues that this triggered Plaintiff's insurance coverage under the policy as Plaintiff was forced to close by order of Civil Authority. (*Id.*) Further, Plaintiff argues that the denial of the policy would not have occurred absent Mayor Garcetti's order, the propriety of which is a significant issue that allegedly must be resolved. (*Id.* at 2–3.) Accordingly, Plaintiff claims that Mayor Garcetti's joinder was proper. (*Id.* at 3.) Plaintiff also argues that "even if the Court finds that no cause of action exists against Mayor Garcetti in the Complaint as presently plead[ed], Travelers has not shown that Plaintiff cannot amend its pleadings to establish a cause of action against Mayor Garcetti." (*Id.*)

In response, Defendant asserts that "[t]his action turns on a contract between Plaintiff and Travelers, and Mayor Garcetti is not a party to that contract." (Dkt.

No. 26 at 8.) As Defendant correctly indicates in its opposition to Plaintiff's motion, Plaintiff's pleadings clearly show Mayor Garcetti is not a party to the insurance contract in dispute. (*See* Dkt. No. 1-2 at ¶¶ 6, 24.); (*see also* FAC ¶ 6). Although Plaintiff argues that its "complaint clearly alleges a possible claim against [Mayor Garcetti,] as the complaint is seeking declaratory relief regarding the denial of the insurance policy arising from [Mayor Garcetti's] executive orders" (Dkt. No. 27 at 2), seeking a declaratory judgment that a government official's action triggers insurance coverage does not amount to a cause of action against that government official. Moreover, it is well established that a party is fraudulently joined where a "plaintiff's claims against [the] alleged sham defendant [are] all predicated on a contract to which the defendant [is] not a party." *See Grancare*, 889 F.3d at 548 (citing *United Compt. Sys., Inc.*, 298 F.3d at 761). Because Plaintiff's claim against Mayor Garcetti is predicated on a contract to which Mayor Garcetti is not a party, Mayor Garcetti was fraudulently joined.

Plaintiff's remaining arguments with respect to fraudulent joinder are unavailing. Although Plaintiff contends that it could amend its complaint to allege additional causes of action against Mayor Garcetti, including a State Constitutional Takings Claim, (*see* Dkt. No. 22 at 3; Dkt. No. 27 at 2), the Court "determines removability of a complaint at the time of removal . . . [and] declines to consider causes of action that were not pleaded in the operative complaint to determine whether [Mayor Garcetti] is a sham defendant." *See Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, CV 17-00637-BRO-SK, 2017 WL 1033970, at *5 n.6 (C.D. Cal. Mar. 17, 2017). With respect to the Plaintiff's sole claim against Mayor Garcetti for declaratory relief, the Court concludes that this claim could not possibly be saved by amendment. *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on an alleged fraudulent joinder must . . . show that there is no possibility that the plaintiff could prevail on any cause of action is brought against the non-diverse defendant.").

Because Mayor Garcetti, the only non-diverse defendant in this action, was fraudulently joined, complete diversity of citizenship among the parties is present. Moreover, the Court concludes that the amount-in-controversy requirement is easily met here, and Plaintiff does not seek to remand based on the amount in controversy. (*See* Dkt. No. 1 at 5–9); (*see also* Dkt. No. 22.)

### B. **Abstention pursuant to the Declaratory Judgment Act is unwarranted**

Although the Court has diversity jurisdiction over this action, Plaintiff contends that the Court should abstain from exercising that jurisdiction pursuant to the DJA. (Dkt. No. 22 at 3–9.) However, as Defendant correctly argues in opposition where, as here, "other claims are joined with an action for declaratory relief . . . the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *See Gov't Emps. Ins. Co.*, 133 F.3d at 1225; *see also Scotts Co. v. Seeds, Inc.*, 688 F.3d 1154, 1159 (9th Cir. 2012) (same). Accordingly, because Plaintiff's suit seeks more than declaratory relief, the Court declines to abstain under the DJA.[2] *See Seneca Ins. Co.*, 862 F.3d at 840 ("So long as the suit seeks more than merely declaratory relief . . ., the entire action should be analyzed under the *Colorado River* framework[, not under the *Brillhart* framework.]").

### C. **Abstention pursuant to *Colorado River* and *Younger* is unwarranted**

Plaintiff argues that this Court should abstain from exercising its jurisdiction pursuant to *Colorado River* and *Younger*. (Dkt. No. 22 at 9–13.) The Court addresses each argument in turn.

#### a. *Colorado River*

The "exceptional circumstances" that merit abstention pursuant to *Colorado River* are nonexistent here. The first two factors "are irrelevant in this case because the dispute does not involve a specific piece of property and both the federal and state forums are located in Los Angeles." *See R.R. St. & Co., Inc.*, 656 F.3d at 979. Further, the Court concludes that there is no risk of piecemeal litigation and that the state court proceedings identified by Plaintiff will not resolve all issues before

---

[2] Moreover, even assuming that the *Brillhart* factors are applicable here, the Court concludes that these factors do not favor abstention or remand, as Plaintiff has not identified any pending state court proceeding presenting the same issues and the same parties. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical . . . for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

Court, as the identified state court proceedings involve different parties. Similarly, the Court concludes that the identified state court proceedings will not adequately protect the rights of Defendant, as Defendant is not a party to any of these proceedings. Additionally, "[b]ecause the case[] here involve[s] routine issues of state law, such as breach of [the implied covenant of good faith and fair dealing] . . . this factor does not weigh against jurisdiction." *See R.R. St. & Co*., 656 F.3d at 980–81. Finally, the Court concludes that concerns of forum shopping do not weigh against exercising jurisdiction, as the Court has diversity jurisdiction over this action and this case was properly removed. *See Id*. at 982 ("[T]he desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III." (quoting *First State Ins. Co. v. Callan Assocs., Inc*., 113 F.3d 161, 162 (9th Cir. 1997))). Accordingly, the Court declines to abstain from exercising its jurisdiction pursuant to *Colorado River*.

### b. *Younger*

Abstention pursuant to *Younger* is also inappropriate. Here, Plaintiff does not identify any parallel, pending state criminal proceedings, any state civil proceedings akin to a criminal prosecution, or any state civil proceeding that implicate a State's interest in enforcing the order and judgments of its courts. (Dkt. No. 22 at 12–13.) Accordingly, abstention pursuant to *Younger* is improper.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for remand.

**IT IS SO ORDERED**.