# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGNE COMPANY NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
Geragos@Geragos.com

| | |
|---|---|
| MARK J. GERAGOS | (SBN 108325) |
| BEN J. MEISELAS | (SBN 277412) |
| MATTHEW M. HOESLY | (SBN 289593) |

**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593
HARMEET K DHILLON         (SBN 207873)
harmeet@dhillonlaw.com
NITOJ P. SINGH               (SBN 265005)
nsingh@dhillonlaw.com

*Attorneys for Plaintiff*, 10E, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK'S ENGINE COMPANY No. 28 RESTAURANT, LLC, a limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELER'S INDEMNITY COMPANY OF CONNECTICUT, a coproation; ERIC GARCETTI, an individual; and DOES 1 to 25, inclusive,<br><br>Defendants. | **Case No.: 2:20-cv-04423-AB-SK**<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY AND INFORMATION FOLLOWING ORAL ARGUMENT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:      September 4, 2020<br>Time:     10:00 a.m.<br>Place:    Courtroom 7B,<br>             First Street Courthouse<br>             350 W. First Street<br>             Los Angeles, CA 90012<br>Judge:   Andre Birotte, Jr. |

Plaintiff Mark's Engine Company No. 28 ("Engine Co.") respectfully submits this notice of supplemental authority and information following oral argument on September 4, 2020, to advise the Court of recent material developments both in the law and in society that have a direct bearing on the unique and novel issues raised in this case.

First, and on August 13, 2020, an order was rendered in favor of the insured in the matter of *Optical Services USA/JCI et al. v. Franklin Mutual Insurance Company*, Civil Action Docket No.: BER-L-3681-20, pending in the Superior Court of New Jersey Law Division: Bergen County, a copy of both the Order and Hearing Transcript is attached hereto as **Exhibit A**. The decision in *Optical Services USA/JCI et al.*, which involves a claim by the insured under a property insurance policy for COVID-19 related business income loss and civil authority coverage, provides further support for the arguments made in Engine Co.'s Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, see ECF Doc. No. 34 at 5-13 (arguing that a prohibition of access to the subject property triggers civil authority coverage and that "direct physical loss" is not limited to physical alteration to property) and during oral argument before this Court.

Second, and in the matter of *10E, LLC v. Travelers Property Casualty Company of America*, pending before the Honorable Judge Steven V. Wilson in the United States District Court, Central District of California, Case No. 2:20-cv-04418-SVW-AS, Plaintiff 10E, LLC ("10E") recently filed a Second Amended Complaint ("SAC") on September 16, 2020 that plead, among other things, that the civil order(s) responsible for shutting down 10E's so-called "non-essential" business were not, in fact, 'caused' by the COVID-19 virus, but rather, premised on concerns with hospital bed availability and were also politically motivated as alluded to recently by Los Angeles County's Public Health Director, Dr. Barbara Ferrer, see ECF Doc. No. 40 at 6-7. A copy of 10E's SAC is attached hereto as **Exhibit B**.

Third, and recently on September 17, 2020, an article was published by "Eater Los Angeles" (see link: https://la.eater.com/2020/9/17/21444117/los-angeles-mayor-eric-garcetti-

al-fresco-outdoor-dining-ladot-funding-no-money-permits-vending) and attached hereto as **Exhibit C**, which confirmed that Los Angeles' "Al Fresco" outdoor dining program came to a sudden halt after funding for the program ran out. As such, the County of Los Angeles is no longer able to approve on-street dining options for the "Al Fresco" program—a blow to Plaintiff (and other Los Angeles restaurants), which relies on an extremely limited outdoor dining area to offer service to its valued customers in downtown Los Angeles.

Fourth, and on September 24, 2020, an order was rendered in favor of the insured in the matter of *Urogynecology Specialist of Florida LLC v. Sentinel Insurance Company, LTD.*, Civil Action Docket No.: 6:20-cv-1174-Orl-22EJK, pending in the Federal District Court, Middle District of Florida Orlando Division, a copy of the Order and is attached hereto as **Exhibit D**. The decision in *Urogynecology Specialist of Florida LLC*, which involves a claim by the insured under a property insurance policy for COVID-19 related business income loss and civil authority coverage, provides further support for the arguments made in Engine Co.'s Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, see ECF Doc. No. 34 at 5-13 (arguing that a prohibition of access to the subject property triggers civil authority coverage, that the "virus exclusion" does not apply and that "direct physical loss" is not limited to physical alteration to property) and during oral argument before this Court.

DATED: September 18, 2020

**GERAGOS & GERAGOS, APC**
**DHILLON LAW GROUP INC.**

By: /s/ Mark J. Geragos
   MARK J. GERAGOS
   BEN J. MEISELAS
   MATTHEW M. HOESLY
   HARMEET K DHILLON
   NITOJ P. SINGH
   *Attorneys for Plaintiff*, MARK'S ENGINE CO. No. 28, LLC

- 3 -